IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHELLY DEVRIES,

       Plaintiff,

                                        3:13-CV-01001-PK

       v.

                                          OPINION AND ORDER

ADVANCED AMERICAN CONSTRUCTION,
INC., TOM SEUBERT, GRAYSON HART,
LABORERS' LOCAL 791, and LABORERS'
LOCAL 335,

          Defendants.

---

PAPAK, Magistrate Judge:

      Plaintiff Shelly Devries brings this action against defendants Advanced American

Construction, Inc. ("AAC"), Tom Seubert, Grayson Hart, Laborers' Local 791 ("Local 791"), and

Laborers' Local 335 ("Local 335"), alleging sexual harassment, sex discrimination, and

Page 1 - OPINION AND ORDER

retaliation.  Now before the court is AAC's motion to compel (#61).  For the reasons set forth

below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff initiated the instant action on June 14, 2013.  *See* Complaint, #1.  On November

22, 2013, AAC served plaintiff with its First Request for Production of Documents.  *See* Ex. 1,

Declaration of Amanda Bolliger Crespo ("Crespo Decl."), #62-1, at 1-19.  Plaintiff responded to

AAC's First Request for Production of Documents on January 22, 2014.  *See* Ex. 2, Crespo Decl.,

#62-2, at 1-25.  In her Response, plaintiff objected to producing "approximately 200 pages" of

documents on the basis that they are "covered by attorney-client privilege and are protected trial

preparation materials."  *Id.* at 2-3.  Plaintiff further objected to producing the following

documents on the basis that they are "protected trial preparation materials":

> Three pages of handwritten notes advising plaintiff on how to
> proceed with legal action against defendants created by Deirdre
> Whalen; five transmittal e-mails to and from Ms. Whalen; and an
> annotated draft version of plaintiff's affidavit to the Equal
> Employment Opportunity Commission in which Ms. Whalen
> electronically entered plaintiff's and her attorney's revisions and
> thoughts on the affidavit for use by plaintiff.  Ms. Whalen is a
> friend of plaintiff's whom plaintiff asked to assist her in preparing
> materials for her legal action against defendants.

*Id.* at 3.  On the same date that she served her Response to AAC's First Request for Production of

Documents, plaintiff also served her Initial Discovery Disclosures, in which she listed Whalen as

a witness "who may have knowledge of some of the actions of [defendant] Seubert."  Ex. 3,

Crespo Decl., #62-3, at 5.  On March 21, 2014, AAC requested that plaintiff produce a privilege

log listing any document or page withheld or redacted, excluding communications with plaintiff's

current counsel.  Ex. 4, Crespo Decl., #62-4, at 4.  Plaintiff complied with AAC's request on July

2, 2014. Ex. 6, Crespo Decl., #62-6, at 1-6. In her privilege log, plaintiff describes the

documents she referenced in her objections to AAC's First Request for Production of Documents

and, for the first time, alleges that some of the documents are protected by the attorney-client

privilege in addition to being work product. *Id.* Also on July 2, 2014, plaintiff served AAC with

her Supplemental Initial Discovery Disclosures, which added that Whalen also witnessed

plaintiff's "pain, suffering, and mental distress." Ex. 7, Crespo Decl., #62-7, at 10.

AAC filed the instant motion to compel on July 18, 2014, requesting that the court order

plaintiff to produce "communications, notes and other documents authored or exchanged with

percipient witness[] . . . Whalen" ("Third-Party Documents")[1] and "documents reflecting or

referencing advice from counsel that plaintiff voluntarily disclosed to third parties" ("Voluntary

Disclosures").[2] AAC's Motion to Compel, #61, at 1-2. On August 1, 2014, plaintiff filed her

resistance to the motion to compel. *See* Plaintiff's Resistance to Motion to Compel, #64. On

---

[1] AAC also argues that plaintiff improperly withheld a one-page handwritten document
that Matthew Chapman, plaintiff's boyfriend, authored. In her resistance, plaintiff maintains that
the document is work product but agrees to produce it, as "it is too insignificant to merit the
court's time and attention." Plaintiff's Resistance to Motion to Compel, #64, at 2 n.1.
Accordingly, AAC's motion is denied as moot insofar as it asks the court to order plaintiff to
produce the document authored by Chapman.

[2] There are three additional documents that AAC highlighted on plaintiff's privilege log
that do not appear to appear to be Third-Party Documents or Voluntary Disclosures, including:
(1) Attorney Mark Morrell's interoffice notes of phone messages received from Kirt Haneberg of
the Construction Industry Drug Free Workplace Program; (2) plaintiff's handwritten notes
regarding names and contact information for attorneys and information necessary for pursuing
claims; and (3) plaintiff's initial communication to provide to attorneys in seeking representation.
It is not clear whether AAC is moving to compel production of these documents and, if so, on
what grounds. Accordingly, to the extent AAC's motion to compel encompasses these
documents, I deny the motion without prejudice. If AAC believes it is entitled to these
documents, AAC may file another motion to compel explaining why it believes these documents
are discoverable.

August 7, 2014, the court held a telephonic hearing during which time it heard argument on the

motion.  After the telephonic hearing, plaintiff sent the court the challenged documents for *in

camera* review.  The matter is fully submitted and ready for decision.

## DISCUSSION

In the motion to compel, AAC argues that plaintiff is improperly withholding the Third-

Party Documents, as they are neither work product nor are they protected by the attorney-client

privilege.  AAC also contends that the court should order plaintiff to produce the Voluntary

Disclosures, as she waived any attorney-client privilege applicable to those documents.

## I.    Third-Party Documents

First, AAC requests that the court order plaintiff to produce nine Third-Party Documents

included on plaintiff's privilege log:

| Date | Description | Reason Withheld |
|------|-------------|-----------------|
| Undated | Compilation of witness identities and contact information created by plaintiff ("SD") and Dierdre Whalen ("DW"), a friend and agent of plaintiff. | Work Product, Attorney-Client Privilege |
| Undated | Chronology of events and facts related to claims created by SD and DW (2 versions). | Work Product, Attorney-Client Privilege |
| Undated | Summary of key points related to claims created by SD and DW. | Work Product, Attorney-Client Privilege |
| 04/04/2012 | Email from SD to DW regarding communication with Karen Ford ("KF"). | Work Product |
| 04/12/2012 | Email from DW to SD forwarding documents and information necessary for pursuing claims and legal representation: witness contact information, chronology of events, key points in support of claims, union grievance, and correspondence with Glenn "Butch" Willman, Jr. | Work Product, Attorney-Client Privilege |

| 05/19/2012 | Email from SD to DW regarding revisions to affidavit submitted in support of claims. | Work Product, Attorney-Client Privilege |
|---|---|---|
| 06/03/2012, 06/04/2012 | Emails from DW to SD forwarding draft of telephonic confidential witness affidavit for NLRB investigation with electronic notes, comments, revisions, and/or annotations of SD and KF inserted. | Work Product, Attorney-Client Privilege |
| Undated | Handwritten notes and instructions (1 page) of DW directed to SD regarding steps to take to pursue claims with Equal Employment Opportunity Commission and Oregon Bureau of Labor and Industries. | Work Product |
| 02/16/2010 | Copy of letter from Kirt Haneberg of the Construction Industry Drug Free Workplace Program addressed to SD, annotated with handwritten notes of DW addressed to SD regarding arguments and facts in support of claims. | Work Product |

Ex. 6, Crespo Decl., #62-6, at 4-5.  AAC contends that none of the listed documents are protected under the work-product doctrine and, moreover, none of the documents are covered by the attorney-client privilege.  At oral argument, plaintiff conceded that many of the listed documents are not attorney-client privileged but maintained that the documents are work product.

### A.    Applicable Law

Federal Rule of Civil Procedure 26(b)(3) provides, in pertinent part:

> (A)    *Documents and Tangible Things.*  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i)    they are otherwise discoverable under Rule 26(b)(1); and

> (ii)   the party shows that it has substantial need for the
>        materials to prepare its case and cannot, without
>        undue hardship, obtain their substantial equivalent
>        by other means.
>
> (B)   *Protection Against Disclosure.* If the court orders
>       discovery of those materials, it must protect against
>       disclosure of the mental impressions, conclusions,
>       opinions, or legal theories of a party's attorney or other
>       representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3). Thus, to qualify for work-product protection under Rule 26(b)(3),

"documents must have two characteristics: (1) they must be prepared in anticipation of litigation

or for trial, and (2) they must be prepared by or for another party or by or for that other party's

representative." *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907

(9th Cir. 2004) (quoting *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 780-81 (9th Cir. 1989))

(internal quotation marks omitted). A document is "deemed prepared 'in anticipation of

litigation' . . . if 'in light of the nature of the document and the factual situation in the particular

case, the document can be fairly said to have been prepared or obtained because of the prospect

of litigation.'" *Id.* (citation omitted). Under this "because of" standard, the court "considers the

totality of the circumstances and affords protection when it can fairly be said that the 'document

was created because of anticipated litigation, and would not have been created in substantially

similar form but for the prospect of that litigation[.]'" *Id.* at 908 (alteration in original) (quoting

*United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998)). The party claiming work-product

protection bears the burden of establishing the applicability of the doctrine. *See Anderson v.*

*Country Mut. Ins. Co.*, No. C-14-0048JLR, 2014 WL 4187205, at *5 (W. D. Wash. Aug. 25,

2014) (citing *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011)).

/ / /

Page 6 - OPINION AND ORDER

**B.    Analysis**

In this case, AAC argues that plaintiff cannot establish that the Third-Party Documents are work product, as Whalen is not plaintiff's representative, the documents at issue were not prepared in anticipation of litigation, and the work-product doctrine does not extend to communications from percipient witnesses.

**1.    Prepared by or for Another Party or Its Representative**

First, AAC argues that the work-product doctrine does not protect the Third-Party Documents because the doctrine only covers the work of a party's lawyer and nonlawyers "retained or directed" by the party's lawyer. AAC's Motion to Compel, #61, at 4. AAC contends that construing the work-product doctrine in this manner is consistent with the purpose of the doctrine, which is to "preserve the privacy of *attorneys'* thought processes and litigation strategies." *Id.* AAC maintains that, because plaintiff's lawyer did not retain or direct Whalen, any documents produced by Whalen cannot qualify for protection under Rule 26(b)(3). In response, plaintiff contends that the plain language of the Rule extends work-product protection beyond the work of attorneys and their agents. Plaintiff further notes that, consistent with the language of Rule 26(b)(3), a number of district courts have held that the doctrine covers materials prepared by a nonlawyer, even if the nonlawyer was not acting under the supervision or direction of an attorney.

I agree with plaintiff that the language of Rule 26(b)(3)(A) is broad, extending work-product protection to documents prepared by *or* for another party *or* its representative. *See* Fed. R. Civ. P. 26(b)(3)(A); *see also Republic of Ecuador v. Mackay*, 742 F.3d 860, 867 (9th Cir. 2014) ("The phrase 'by or for' and the term 'representative' are somewhat broad on their face.").

While the common-law doctrine may have been limited to protecting documents that attorneys and their agents prepared, Rule 26(b)(3) clearly expanded the scope of the doctrine. *See Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 76-77 (D.D.C. 2003) (discussing the 1970 amendment to the Federal Rules of Civil Procedure and listing cases extending the work-product doctrine to documents prepared by a nonlawyer); *see also Nelsen v. Green*, No. 08-CV-1424-ST, 2010 WL 3491360, at *3 (D. Or. Aug. 31, 2010).

Thus, I am not persuaded by AAC's suggestion that the documents Whalen prepared are excluded from protection merely because she is not a lawyer and did not prepare the documents for a lawyer. Rather, the question is whether the documents might qualify for protection because Whalen was acting as plaintiff's representative. In her declaration, plaintiff states that, at the time the Third-Party Documents were prepared, Whalen was assisting plaintiff in the following ways: (1) Whalen researched government agencies that handle cases such as plaintiff's; (2) Whalen helped plaintiff formulate arguments for plaintiff's case before the Equal Employment Opportunity Commission; (3) Whalen assisted plaintiff in organizing her thoughts and typing up key events, a full chronology of events, and a list of potential witnesses; and (4) Whalen helped plaintiff input plaintiff's comments on a draft affidavit because plaintiff did not know how to insert comments into an electronic document. *See* Declaration of Shelly Devries, #67, ¶ 2. AAC does not dispute that Whalen was acting on plaintiff's behalf when she completed these tasks. Accordingly, I agree with plaintiff that Whalen was acting as plaintiff's representative, as that term is used in Rule 26(b)(3).

///

///

Page 8 - OPINION AND ORDER

### 2.    Prepared in Anticipation of Litigation

Next, AAC argues that the work-product doctrine does not shield the Third-Party

Documents from discovery because the documents were not prepared in anticipation of litigation.

AAC notes that the documents "are not draft declarations or pleadings, and there is no indication

that they were directed, authorized, or intended for use by plaintiff's lawyers."  AAC's Motion to

Compel, #61, at 7.  Plaintiff responds that each of the documents was prepared "so [p]laintiff

could pursue legal action against the defendants, first with administrative agencies, and then with

this court."  Plaintiff's Resistance to Motion to Compel, #64, at 6.

I agree, in part, with plaintiff.  Plaintiff declares that she sought Whalen's assistance in

summarizing key events, creating a time line of events, and creating a witness list.  She further

sought Whalen's help in formulating arguments and commenting on a draft affidavit during the

administrative proceedings.  After reviewing the documents and in light of the facts of the case, it

is difficult to see for what purpose these documents were created if not for anticipated litigation.

I am not persuaded, however, that transmittal emails are protected by the work-product

doctrine.  *See, e.g., Hege v. Aegon USA, LLC*, Nos. 8:10-cv-1578-GRA et al., 2011 WL 1791883,

at *5 (D.S.C. May 10, 2011) ("'Correspondence that merely transmit documents to or from an

attorney, even at the attorney's request for purposes of rendering legal advice to a client, are

neither privileged nor attorney work product.'" (quoting *Guidry v. Jen Marine LLC*, No.

Civ.A.03-0018, 2003 WL 22038377, at *2 (E.D. La. Aug. 25, 2003)); *Gucci Am., Inc. v. Guess?,

Inc.*, 271 F.R.D. 58, 79-80 (S.D.N.Y. 2010) (finding that a transmittal email "contains nothing

protectable under either the attorney-client privilege or the work-product doctrine" (quoting

*Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co.*, No. 05 Civ. 1031(RJH)(HBP), 2008 WL

Page 9 - OPINION AND ORDER

622810, at *4 (S.D.N.Y. Mar. 7, 2008)).  For instance, the April 12, 2012 email from Whalen to plaintiff with the subject line "Lawsuit!!" has six attachments.  There is no text in the body of the email.  While the attachments themselves may be work product, there is nothing in the email that is protectable.  Likewise, the June 3, 2012 email from Whalen to plaintiff merely attaches plaintiff's NLRB affidavit, explaining, "Here is a copy with your corrections—the red sticky notes are your corrections, the yellow ones are Karen's.  Hover the mouse over the note to read it (or click on it).  Call me if you have any problems or questions."  The email contains no reference to the contents of the document, other than an explanation of how to review the inserted comments, and is devoid of any mental impressions or opinions regarding plaintiff's case.  Moreover, the June 4, 2012 email from Whalen to plaintiff attaches another copy of the NLRB affidavit.  Like the April 12, 2012 email, there is no text in the body of the email and, thus, nothing protectable under the work-product doctrine.  Finally, I am not persuaded that the May 19, 2012 email from plaintiff to Whalen is covered by the work-product doctrine.  Unlike the other emails discussed herein, the May 19, 2012 email is not a transmittal email—it does not have an attached document.  However, in the email, plaintiff merely states that her attorney, Karen Ford, sent an email regarding an affidavit and asks Whalen to call plaintiff when she "get[s] up."  There is no reference to what is contained in the affidavit or any discussion of plaintiff's case.

Thus, consistent with the foregoing, I find, with the exception of the emails discussed in the preceding paragraph, plaintiff has established that the Third-Party Documents were prepared in anticipation of litigation.

/ / /

Page 10 - OPINION AND ORDER

### 3.    Percipient Witness

Finally, AAC argues that, even if Whalen were plaintiff's representative and the documents were created in anticipation of litigation, the Third-Party Documents are nevertheless discoverable because Whalen is a percipient witness, as evidenced by plaintiff's Initial Disclosures, and AAC maintains that the work-product doctrine does not apply "to notes, communications or statements prepared by a percipient witness." AAC's Motion to Compel, #61, at 6. Plaintiff responds that Whalen's status as a witness is irrelevant because none of the documents at issue "mention the impressions or experiences of Whalen." Plaintiff's Resistance to Motion to Compel, #64, at 4.

I agree with AAC that a fact witness's own statement is ordinarily not protected by the work-product doctrine. Thus, if Whalen had prepared a written statement detailing any incident that she personally observed, such statement would be subject to disclosure, regardless of Whalen's status as plaintiff's representative. But that is not the case here. Plaintiff declares that the witness list, chronology of events, and summary of key points constitute her recollection of events. Whalen may have assisted plaintiff in typing and organizing these documents, but there is no evidence that these documents contain Whalen's own first-hand knowledge. Likewise, after conducting an *in camera* review, I find that the other Third-Party Documents do not reference anything Whalen personally observed.[3] Thus, Whalen's status as a percipient witness does not

---

[3] At least with regard to Whalen's February 16, 2010 notes to plaintiff concerning the letter from Kirt Haneberg, it would seem that Rule 26 prohibits disclosure. *See* Fed. R. Civ. P. 26(b)(3)(B). The Rule provides absolute protection for documents reflecting "the mental impressions, conclusions, opinions, or legal theories of a party's attorney *or other representative* concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Given my finding above that Whalen was acting as plaintiff's representative and given that the February 16, 2010 notes reflect

preclude application of the work-product doctrine to the documents at issue. AAC is, of course, free to question Whalen regarding what plaintiff told her and how she assisted plaintiff in this case.

### C.    Summary

Consistent with the foregoing, I find that, other than the emails discussed above, the Third-Party Documents are protected under Rule 26(b)(3) and, thus, are not discoverable.

## II.    Voluntary Disclosures

AAC also requests that the court order plaintiff to produce "documents reflecting or referencing advice from counsel that plaintiff voluntarily disclosed to third parties." AAC's Motion to Compel, #61, at 2. AAC does specifically identify what documents it wishes the court to order plaintiff to produce. At oral argument, plaintiff agreed that she waived the attorney-client privilege when she disclosed her counsel's advice to third parties and that any document reflecting such disclosure is discoverable. Plaintiff, however, stated that she had produced all such documents. In light of the parties' agreement that such documents are discoverable, I grant this portion of AAC's motion. To the extent that plaintiff has not already produced documents reflecting her counsel's advice that she shared with third parties, plaintiff shall promptly produce such documents.

/ / /

/ / /

/ / /

---

Whalen's mental impressions regarding the letter, it would appear that Rule 26 precludes disclosure.

## CONCLUSION

For the reasons set forth above, AAC's motion to compel (#61) is granted in part and denied in part. Plaintiff is ordered to promptly produce the April 12, 2012, May 19, 2012, June 3, 2012, and June 4, 2012 emails, as well as any documents in which she voluntarily disclosed her counsel's advice.

Dated this 11th day of September, 2014.

Honorable Paul Papak
United States Magistrate Judge